AMERICAN EXPRESS COMPANY v. WINSTON A. CRAWLEY.

[41 South. Rep., 261.]

CARRIERS. *Express companies. Discrimination in rates. Liability. Measure of damages. Code 1892, § § 4288, 4291. Extortion.*

Under code 1892, § § 4288, 4291, the one providing that any party injured by the extortion of an express company may recover double damages, and the other making it the duty of such companies to maintain fixed rates, prohibiting discrimination between persons or localities, and imposing on them civil and criminal liability for extortion:

(*a*) Where by mistake and without intent to extort the company charged and received too much for the carriage of goods, it is liable only for actual damages; but

(*b*) Where it purposely and intentionally made the overcharge it is liable for double damages.

FROM the circuit court of, second district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Crawley, the appellee, was plaintiff in the court below; the express company, the appellant, was defendant there. From a judgment in plaintiff's favor for a less sum than he demanded, the defendant appealed to the supreme court and the plaintiff prosecuted a cross-appeal.

The suit was for an unlawful discrimination in freight rates. The declaration alleged that the appellant had a monopoly of the express business over all the lines of the Yazoo & Mississippi Valley Railroad Company; that it was the duty of appellant to charge a uniform rate to all shippers without discrimination; that appellee was engaged in the business of a manufacturer of and dealer in carbonated beverages, and that a discrimination had been made between him and a competitor, one Stone, at Marks, Miss., and it demanded both actual and double damages on account of the discrimination. Appellant showed that the overcharge which had been made against the appellee was the

result of an unintentional error on the part of an employe, and insisted, since it had not purposely made the overcharge, that it was liable only for the actual damages and not for double damages.

D. A. *Scott,* for appellant and cross-appellee.

This case is not within our statutes, as a careful reading of them will show, and the plaintiff must recover, if at all, upon the common law.    He has not averred or proved a cause of action at common law, as an examination of the authorities will show. We confidently cite in support of our contentions the following authorities:

*Gilliland* v. *Illinois, etc., R. R. Co.,* 81 Miss., 41 (s.c., 32 South. Rep., 916) ; *Marshall* v. *Richardson,* 58 L. J. M. C., 45 ; *Commonwealth* v. *Raymond,* 97 Mass., 567 ; *Schofield* v. *Lake Shore, etc., R. R. Co.,* 43 Ohio St. Rep., 571 ; *Hayes* v. *Pa. Co.,* 12 Fed. Rep., 309 ; *Bayles* v. *Kansas, etc., R. R. Co.,* 5 L. R. A., 480 ; *Chicago, etc., R. Co.* v. *People,* 67 Ill., 11 ; *Indianapolis R'y Co.* v. *Rinard,* 46 Ind., 293 ; *McDuffy* v. *Portland,* 52 N. H., 430 ; *Houston R'y Co.* v. *Rust,* 58 Tex., 98 ; *London, etc., R'y Co.* v. *Ebershed,* L. R., 3 App., ch. 1029 ; *Cowden* v. *Pacific, etc., Co.,* 94 Cal., 470 (s.c., 28 Am. St. Rep., 142) ; *Great Western, etc., R. Co.* v. *Sutton,* 4 Eng. & Ir. App., 238 ; *Johnson* v. *Pensacola, etc., R. R. Co.,* 16 Fla., 623 ; *Boxendale* v. *E. C. Ky. Co.,* 4 Com. B., 78 ; *Rant* v. *Long Island R. R. Co.,* 114 N. Y., 300 ; *Eclipse Co.* v. *Ponchartrain R. R. Co.,* 24 La. Ann., 1 ; *Fitchburg R. R. Co.* v. *Gage,* 12 Gray, 393 ; *Sargent* v. *Boston, etc., R. R. Co.,* 115 Mass., 422 ; *Ragan* v. *Aiken,* 9 Lee, 609 ; Pierce on Railroads, 499 ; *Menacho* v. *Ward,* 27 Fed. Rep., 529 ; *Arringer* v. *S. C. R'y Co.,* 29 S. C., 265 ; *Langdon* v. *Robertson,* 13 Ont. Rep., 497 ; *Illinois, etc., R. R. Co.* v. *Baird,* 24 Ill., 322 ; *St. Louis, etc., R. R. Co.* v. *Hill,* 14 Ill. App., 584 ; *Western R. R. Co.* v. *Sutton,* L. R., 4 (H. L., 238) ; *Interstate Commerce Commission* v. *Baltimore, etc., R. Co.,* 145 U. S., 263 ; *Kilmer* v. *N. Y. Railroad Co.,* 100 N. Y.,

395; *Parsons* v. *Chicago R'y Co.,* 167 U. S., 447; *Van Patton* v. *Chicago R'y Co.,* 81 Fed. Rep., 545; *Parsons* v. *Chicago R'y Co.,* 167 U. S., 447; *Laurel Cotton Mills* v. *Gulf, etc., R. R. Co.,* 84 Miss., 329 (s.c., 37 South. Rep., 134); *Chicago, etc., R. R. Co.* v. *People,* 67 Ill., 11.

*J. W. Cutrer,* for appellee and cross-appellant.

The contentions of the appellee in this case are twofold: first, that on the admitted facts shown by the record he is entitled to a judgment against the appellant for double the damages shown by the evidence which he has suffered by reason of the unjust discriminations made against him by the appellant; second, that in any event he is entitled to recover the actual damages suffered by him by reason of the discrimination practiced by appellant as against him and his business, in favor of Stone, who secured and enjoyed the benefit of a less rate during the time covered by this controversy than that enjoyed by appellee.

We maintain the proposition that it is unquestionably true that at the common law, all common carriers must charge not only reasonable, but uniform rates to all shippers, and that the charge of one rate to one shipper and a lower rate to another shipper is discrimination. *L. E. & St L. R. R. Co.* v. *Wilson,* 18 L. R. A., 105; *Root* v. *L. I. R. R. Co.,* 4 L. R. A., 331; *C., C., C. & I. R. R. Co.* v. *Closser,* 9 L. R. A., 754; *Cook* v. *C., R. I. & P. R. R. Co.,* 9 L. R. A., 764; *Fitz-Gerald* v. *Grant Trunk R. R. Co.,* 13 L. R. A., 70; *Messenger* v. *Penn. R. R. Co.,* 37 N. J. L., 531; *Atwater* v. *D., L. & W. R. R. Co.,* 48 N. J. L., 55; *Hayes* v. *Penn. R. R. Co.,* 12 Fed. Rep., 309; *McDuffee* v. *Portland, etc., R. R. Co.,* 52 N. H., 430; *Chicago, etc., R. R. Co.,* v. *Parks,* 18 Ill., 460; *Indianapolis, etc., R. R. Co.* v. *Rinard,* 46 Ind., 243; *Samuels* v. *L. & N. R. R. Co.,* 31 Fed. Rep., 57; *Goodridge* v. *U. P. R. R. Co.,* 35 Fed. Rep., 35; Hutchinson on Carriers, secs. 297–301; Second Beach on Railroads, secs. 941–943.

The only cases of any consequence in this country which

announce a contrary rule, are the cases of *Cowden* v. *Pacific Coast Steam Ship Company,* 94 Cal., 470; *Johnson* v. *Pensacola, etc., R. R. Co.,* 16 Fla., 632, and these cases are contrary to the decided weight of authority. .

When tested by our constitutional and statutory rules, it is manifest that no common carrier can be allowed to discriminate against any shipper or to charge more for a short haul than for a long one under substantially similar circumstances and conditions, or make any discrimination whatsoever against persons, corporations or localities where the circumstances surrounding the transaction or transactions are substantially similar.

· If it were not intended that every discrimination made in favor of one person against another or in favor of one locality against another under similar circumstances and conditions, becomes and is an unlawful discrimination, then the constitution and statutes on the subject are meaningless and the whole machinery provided by law for the supervision of common carriers becomes worse than a burden upon the people.

Legislation along the line mentioned is held to be merely declaratory of the common law. *Shipper* v. *Penn. R. R. Co.,* 47 Pa., 338; *H. & T. C. R. R. Co.* v. *Smith,* 63 Texas, 332; *C. & P. R. R. Co.* v. *Forseith,* 59 N. H., 122.

It is certain, however, that the provisions of our law leave no room for discussion as to the requirement imposed on, and the right to exact of, common carriers a bestowal of equal treatment on all shippers, under similar circumstances and conditions.

The court below should have instructed the jury peremptorially to award double damages.

Argued orally by *D. A. Scott,* for appellant, and by *J. W. Cutrer,* for appellee.

Calhoon, J., delivered the opinion of the court.

It is clear that there was discrimination in fact against appellee, at Clarksdale, and in favor of Stone, at Marks; to the extent

of from ten to fifteen cents per case of carbonated beverages shipped.    On consideration of the common law, of modern authority, and sec. 4291 of the annotated code of 1892, we conclude the law to be that the company is liable to the person discriminated against, even where the discrimination is not out of distinct purpose, for the sum he has paid in excess of that charged the other.    If there was such purpose, then, under Ann. Code 1892, § § 4287, 4288, the liability would be for twice the damages sustained.

In this case there was evidence that the overcharge was from a mistake of an agent.    The jury gave actual damages only.

*Affirmed on appeal and cross-appeal.*